IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARISOL CAMACHO,

      Plaintiff,

vs.                                  Civ. No. 26-1337 JHR/SCY

LOWE'S HOME IMPROVEMENT,

      Defendant.

## ORDER TO FILE RULE 7.1 NOTICES AND AMEND NOTICE OF REMOVAL

This matter comes before the Court sua sponte, following its review of the Notice of Removal, filed by Defendant Lowe's Home Improvement on April 29, 2026. Doc. 1. Defendant removed this action to federal court citing diversity jurisdiction. *Id.* at 1. The Court has a sua sponte duty to determine whether subject matter jurisdiction exists. *See Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988).

Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States . . . ." When a plaintiff files a civil action in state court over which the federal court would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant is a citizen of the State in which such action is brought. *See* 28 U.S.C. § 1441(a), (b). "[T]he ultimate burden of establishing complete diversity" lies with "the party seeking to invoke federal jurisdiction." *ADA Carbon Sols. (Red River), LLC v. Atlas Carbon, LLC*, 146 F.4th 1296, 1306 (10th Cir. 2025); *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013). Here, the allegations in the notice of removal are insufficient to sustain diversity jurisdiction in two respects.

First, the notice of removal alleges that Plaintiff Marisol Camacho "is a resident of Santa Fe County, New Mexico." Doc. 1 ¶ 3. However, residency is not equivalent to citizenship. *See Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Citizenship, or domicile, exists only when residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). Residency may prima facie indicate citizenship when other proof in the record indicates citizenship. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 n.14 (10th Cir. 1972); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). There being no other proof in the record indicating citizenship, an allegation of "residency" and not "citizenship" is insufficient to confer jurisdiction on this Court. *Vincent v. Nelson*, 51 F.4th 1200, 1211-12 (10th Cir. 2022) (complaint alleging residency was insufficient to confer jurisdiction); *see also McEntire v. Kmart Corp.*, No. 09cv567 JB/LAM, 2010 WL 553443, at *8 (D.N.M. Feb. 9, 2010) (collecting cases discussing requirement to amend notice of removal).

Second, the notice of removal alleges that "Defendant Lowe's Home Improvement is a foreign for-profit company in the state of North Carolina with its principal place of business at 3458 Zafarano Dr, Santa Fe, NM," and thus "Defendant is a citizen of North Carolina." Doc. 1 ¶¶ 4, 9 (citing Docs. 1-3, 1-4). A corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business. 28 U.S.C. § 1332(c). Assuming Defendant Lowe's is a corporation (as alleged in the notice of removal), the notice of removal indicates that its principal place of business is in New Mexico. Thus, it is a citizen of New Mexico (and North Carolina), and is not diverse from Plaintiff (assuming Plaintiff's residency is the same as her citizenship).

However, the documents which Defendant Lowe's attached to the notice of removal to show its citizenship indicate that it is a limited liability company ("LLC"), not a corporation. Docs. 1-3, 1-4. Determining the citizenship of an unincorporated entity such as an LLC is different from determining the citizenship of a corporation under 28 U.S.C. § 1332. While a corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business, an LLC is a citizen of each and every state in which any member is a citizen. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) (the standard requiring determination of citizenship of all members applies to any "non-corporate artificial entity"). Assuming Defendant Lowe's is an LLC, the notice of removal does not provide any information as to the citizenship of Defendant's members.

The Court notes that Rule 7.1 requires a party to file a disclosure statement as to its own citizenship. *See* Fed. R. Civ. P. 7.1(a)(2) ("In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor: when the action is filed in or removed to federal court."). "The disclosure does not relieve a party that asserts diversity jurisdiction from the Rule 8(a)(1) obligation to plead the grounds for jurisdiction, but is designed to facilitate an early and accurate determination of jurisdiction." Committee Notes - 2022 Amendment. In keeping with this intent, the Court orders both Plaintiff and Defendant to file a Rule 7.1 notice as to their own citizenship.[1]

---

[1] If Defendant Lowe's is an LLC and any members are themselves another LLC, "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." *Gerson v. Logan River Acad.*, 20 F.4th 1263, 1269 n.2 (10th Cir. 2021) (internal quotation marks omitted). That is, "[t]o properly allege the citizenship of one of these types of business entities [LLCs], the party seeking

3

Once the Rule 7.1 notices are filed, the Court will give the removing Defendant the opportunity to file an amended notice of removal to allege facts necessary to sustain diversity jurisdiction. *See Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 300-02 (10th Cir. 1968) (permitting amendment of notice of removal to allege principal place of business of the defendant, along with citizenship, rather than mere residence, of the plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal place of business); *see also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff and Defendant shall each file a citizenship disclosure statement, that fully complies with Rule 7.1(a)(2), as to their own citizenship no later than **May 15, 2026**.

**IT IS HEREBY ORDERED** that Defendant amend the Notice of Removal to properly allege facts sufficient for diversity jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **May 29, 2026**.

---

federal court jurisdiction must start by identifying each and every partner or member of the entity, and if any of those partners or members are themselves entities, their constituent persons or entities must also be identified, and so on as far down as necessary to unravel fully the citizenship of the entity before the court." *DCP Operating Co., LP v. Travelers Indem. Co.*, No. 24cv628 SMD/KRS, 2025 WL 404906, at *2 (D.N.M. Feb. 5, 2025) (internal quotation marks omitted); *see ADA Carbon Sols. (Red River), LLC v. Atlas Carbon, LLC*, 146 F.4th 1296, 1300 (10th Cir. 2025) (party invoking jurisdiction must "identify the members of its LLC members, as well as the citizenship of those members' members, through as many layers as necessary for the court to satisfy itself that it has jurisdiction").

**IT IS FURTHER ORDERED** that if such an amended notice of removal is not filed by

May 29, 2026, the Court may remand this action to state district court.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE